IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **STEPHANIE HASSELBRING** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO: 4:25-cv-1430** |
| | § | **JURY** |
| **PANDA EXPRESS, INC.** | § | |

## PLAINTIFF STEPANIE HASSELBRING'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

1. Plaintiff **STEPHANIE HASSELBRING** files **PLAINTIFF STEPANIE HASSELBRING'S ORIGINAL COMPLAINT** seeking money damages from Defendant **PANDA EXPRESS, INC.** for personal injuries arising from a falling accident which occurred on or about June 12, 2023.

2. In general, Defendant is liable to Plaintiff on the grounds that Defendant was negligent in how it operated and managed its premises and conducted its ongoing activities by mopping the floor without adequate warnings or corrections.

3. For cause of action, Plaintiff would show the following, pleading in the alternative:

## I.
## PARTIES

4. **Plaintiff**. Stephanie Hasselbring is a natural person and currently resides in Harris County, Texas and at the time the cause of action that is the basis of the suit accrued. TEX. CIV. PRAC. & REM. CODE §30.014 numbers are 868 and 652 respectively. Hasselbring is currently domiciled in Texas – as of the date of this civil action, Plaintiff has established a fixed habitation or abode in Texas intending to remain in Texas permanently or indefinitely. Therefore, Plaintiff is a Texas citizen.

5. **Defendant**. Panda Express, Inc. ("Panda Express") is a corporation created under the laws of California with its headquarters/principal place of business located in Rosemead, California

and whose designated agent for service of process in Texas is CT Corporation System.

6. By creation, Panda Express is a California citizen. By principal place of business, Panda Express is a California citizen – California is the primary location where Panda Express conducts its core operations and where senior management directs and coordinates activities.

7. Panda Express is not a citizen of any other states and is not a Texas citizen.

8. Pursuant to 28 U.S.C. §1332 (a)(1), complete diversity of citizenship exists between Plaintiff (a Texas citizen) and Defendant (a California citizen).

9. Panda Express may be served with process via CT Corporation System at 1999 Bryan St Ste 900, Dallas, TX 75201-3136.

10. Plaintiff intends to perfect service of process via private process server pursuant to Texas law including without limitation Tex. R. Civ. P. 103 and other applicable rules. Upon receipt of the summons, the qualified process server shall serve Panda Express via its agent for service of process with summons and a true and correct copy of this complaint pursuant to Tex. R. Civ. P. 106 (a)(1) at the address provided or wherever Panda Express' agent can be found as is authorized by the Federal Rules of Civil Procedure.

11. Contemporaneously with the filing of this complaint, Plaintiff presents summons for Defendant and asks the clerk to place the official seal on the summons and return it to the undersigned counsel so all process documents can be properly forwarded to a person authorized to perfect service under Texas law and service diligently pursued until perfected.

12. The correct Panda Express entity has been sued.

13. To the extent Panda Express contends the correct Panda Express entity was not sued in this complaint, Plaintiff demands and requests the correct Panda Express entity be identified in a timely manner so Plaintiff may timely amend her complaint to sue the correct legal entity or the correct Panda Express entity otherwise appear and answer this complaint submitting itself

to the jurisdiction of this court and thereby toll the applicable statute of limitations.

## II.
## SUBJECT MATTER JURISDICTION

14. The court is authorized to consider this action pursuant to the terms of the Texas Constitution and Texas Statutes in combination with the terms of 28 U.S.C. §1332(a)(1) (complete diversity of citizenship between all adverse parties) because the amount in controversy in this civil action exceeds $75,000 (excluding interest and costs) and is between citizens of different states. Plaintiff is a citizen of Texas only.  Defendant is not a citizen of Texas. Defendant is only a citizen of California. Please see more specific facts pleaded above as to the citizenship of each party. Those paragraphs are incorporated herein by reference.

## III.
## PERSONAL JURISDICTION

15. The court has personal jurisdiction over Hasselbring by virtue of Hasselbring filing this complaint with the clerk of the court.  The court has personal jurisdiction over Defendant pursuant to proper service of summons with a copy of this complaint and the fact that Defendant does business in Texas on a regular basis and was at the time of the occurrence and thus purposely availed itself of the benefits and protections of Texas law such that it may reasonably expect to be haled into court in Texas, committed a tort in Texas and submitted itself to the personal jurisdiction of Texas by designating an agent for service of process in Texas.

## IV.
## VENUE

16. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. §1391(a)(2) because the Houston Division is the division in which a substantial part of the events or omissions giving rise to the claim occurred; to wit:  the accident happened at 3121 W. Grand Parkway N, Katy, Texas 77449 which is located in the Houston Division.

## V.
## FACTUAL BACKGROUND

17. On or about June 12, 2023, during normal business hours, Plaintiff Hasselbring came upon the premises which were owned, possessed, controlled and maintained by Defendant in whole or in part. Such premises were more specifically located at 3121 W. Grand Parkway N, Katy, Texas 77449 and were commonly referred to as Panda Express (hereinafter "Panda Express Premises" or "the Premises"). While on Defendant's Panda Express Premises, Plaintiff unknowingly stepped in liquid on the floor which caused her to fall and suffer injuries. After the accident, she discovered the liquid came from a Panda Express employee mopping the floor without giving adequate warnings or making proper corrections. As a direct and proximate result of the occurrence, Hasselbring suffered damages and bodily injuries. Plaintiff Hasselbring seeks and demands recovery for all damages alleged and prayed for herein including but not limited to general damages allowed by law, both incurred in the past and which Plaintiff will incur in the future based on reasonable probability, and special damages incurred or reasonably likely to be incurred in the future.

18. In an attempt to correct and overcome her injuries, Plaintiff underwent medical treatment, incurred reasonable and necessary medical expenses and suffered other harms and losses pleaded for herein.

## VI.
## CAUSES OF ACTION

### A.
### PREMISES LIABILITY NEGLIGENCE – INVITEE

19. The above paragraphs are incorporated herein by reference as if set forth herein verbatim.

20. When Plaintiff was on the Panda Express Premises, Plaintiff was in the area where the accident happened on the Panda Express Premises specifically and on Defendant's Panda Express Premises generally at the express or implied invitation of Defendant and had entered

thereon either as a member of the public for a purpose for which the Panda Express Premises were held open to the public or for a purpose connected with the business of Defendant that did or may have resulted in Plaintiff's and Defendant's mutual economic benefit. Accordingly, Hasselbring was Defendant's invitee at the time of the occurrence. Defendant owed a duty to Plaintiff to exercise ordinary care in its ownership, possession, control, maintenance and use of the Panda Express Premises to reduce or eliminate the unreasonable risk of harm created by the presence of the unreasonably dangerous condition on the Panda Express Premises which Defendant knew about or in the exercise of ordinary care should have known about because Defendant created the dangerous conditions by mopping the floor without proper warnings or corrections.

21. Defendant, acting through its agents, servants and employees, failed to use that degree of care which an owner or occupier of ordinary prudence would have used under the same or similar circumstances in the following particulars:

   A. Defendant failed to maintain and inspect the Panda Express Premises to prevent foreign materials like mop water from remaining on the floor surface without adequate warnings.

   B. Defendant failed to clean the floor surface of the Panda Express Premises in a timely, prudent and proper manner by mopping the floor without adequate warnings.

   C. Defendant failed to adequately warn Plaintiff of the dangerous condition of the Panda Express Premises; to wit: a freshly mopped floor with no warning signs.

   D. Defendant failed to train their employees to properly manage the Panda Express Premises to help prevent and clean up dangerous conditions which developed on the floor surface and to adequately warn invites of unreasonably dangerous conditions.

   E. Defendant failed to warn Plaintiff of the ongoing operations on the Panda Express Premises which gave rise to the danger in this case.

   F. Defendant created the dangerous condition on Panda Express Premises by mopping the floor without properly warning customers of the danger of the still wet floor.

   G. Defendant failed to dry the floor after mopping it to eliminate the danger of slipping.

22. The above acts, errors and omissions of Defendant, and those of its agents, servants and employees constituted negligence as a premises owner, manager and/or controller of premises. At all relevant times, Defendant's agents, servants and employees were acting in the course and scope of their employment with Defendant. Such negligence proximately caused the above and foregoing monetary damages to Plaintiff for which Plaintiff now sues.

## B.
## NEGLIGENT ACTIVITY

23. The above paragraphs are incorporated herein by reference as if set forth herein verbatim.

24. In addition to the above premises liability theory of negligence, the accident may also have occurred because an employee of Defendant negligently engaged in a contemporaneous activity that proximately caused the occurrence in question.

25. It is conceivable under the law of Texas that the premises liability negligence of a defendant as well as the negligent activity of a defendant may take place at the same time or alternatively.

26. Therefore, both theories of liability are pleaded herein.

## VII.
## DAMAGES AND PRAYER FOR RELIEF

27. The above paragraphs are incorporated herein by reference.

28. As a proximate and producing result of the foregoing unlawful actions of Defendant, Plaintiff demands and prays that Defendant be summoned to appear and answer herein and that after a lawful trial the court award (via judgment) both special and general monetary damages to Plaintiff and against Defendant in the following particulars:

   A. Reasonable and necessary costs of medical care and treatment including but not limited to doctors, hospital, nurses, medicine, and other services and supplies which this Plaintiff has incurred in the past as a result of the injuries sued for herein and in all reasonable probability this Plaintiff will incur in the future; to wit: $175,000 or such other amount that the jury deems fair and just not exceeding this amount.

B. Physical pain and mental anguish suffered in the past and in all reasonable probability will be suffered in the future; to wit: $250,000 or such other amount that the jury deems fair and just not exceeding this amount.

C. Physical impairment and/or disfigurement suffered in the past and in all reasonable probability will be suffered in the future; to wit: $250,000 or such other amount that the jury deems fair and just not exceeding this amount.

D. Loss of wages and earning capacity suffered in the past and in all reasonable probability this Plaintiff will suffer in the future; to wit: $150,000 or such other amount that the jury deems fair and just not exceeding this amount.

E. Costs of court.

F. Pre and post judgment interest as allowed by law.

G. Pursuant to Tex. R. Civ. P. 47(c)(3) Plaintiff seeks and demands judgment for monetary relief over $250,000 but not more than $1,000,000.

## VIII.
## PRE- AND POST-JUDGEMENT INTEREST

29. Plaintiff would additionally say and show that she is entitled to recovery of prejudgment interest in accordance with law and equity as part of her damages herein; and Plaintiff here and now sues for recovery of pre- and post-judgement interest as provided and allowed by law and equity, under the applicable provisions of Texas law.

## IX.
## RESERVE THE RIGHT TO AMEND & SUPPLEMENT

30. These allegations against Defendant are made acknowledging that investigation and discovery, although undertaken, are continuing in this matter. As further investigation and discovery are conducted, additional facts will surely be uncovered that may – and probably will necessitate – further, additional, and/or different allegations, including the potential of adding parties to and/or dismissing parties from this civil action. The right to do so is under Texas law is expressly reserved.

## X.
## JURY DEMAND

31. Plaintiff **STEPHANIE HASSELBRING** prays this civil action be tried by a jury on all issues, claims and demands presented and that this case be placed upon this court's jury docket. The required fee is being tendered with this jury demand.

## XI.
## NOTICE OF INTENT

32. Notice is hereby given of intent to utilize items produced in discovery in the trial of this matter and the authenticity of those produced items is self-proven pursuant to Tex. R. Civ. P. 193.7. or other federal procedures. The time for objecting begins to run after the documents are produced in the case.

Respectfully submitted,

**STEWART J. GUSS & ASSOCIATES, PLLC**

/s/ *Scot G. Dollinger*
SCOT G. DOLLINGER – ATTORNEY IN CHARGE
TBN: 05961300
FBN: 12224
12777 JONES ROAD, SUITE 297
HOUSTON, TEXAS 77070
 281-664-6500
 281- 664-6501 FAX
scot.dollinger@attorneyguss.com
E-SERVICE: sjg-service@attorneyguss.com
**ATTORNEYS FOR PLAINTIFF**
**STEPHANIE HASSELBRING**